IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN MAURICIO G.C., | Civil No. 1:26-cv-03707-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | A# 249-234-249 |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | |
| Respondents. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Franklin Mauricio G.C.[1] is an immigration detainee proceeding with

an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"),

Dkt. No. 1, and an application for temporary restraining order (the "TRO application"),

Dkt. No. 4.

He entered the United States on humanitarian parole.  Dkt. No. 11, at pg. 3.

That the Department of Homeland Security ("DHS") granted him parole reflects a

determination by the agency that his release was appropriate because he posed no

danger or flight risk warranting detention.  After his entry, Petitioner was permitted to

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

live in the interior, where he built a life in San Angelo, Texas.  Dkt. No. 11, at pgs. 2-3;

Dkt. No. 14, at pgs. 3-4.  He is an asylum applicant through his U.S. citizen father, with

a pending application for adjustment of status and valid employment authorization.

Dkt. No. 11, at pg. 3.  He is not subject to a final order of removal.  *Id*. at pgs. 2-3.  And

DHS's prior determination that Petitioner was neither a flight risk nor a danger to the

community has borne out.  The record reflects that Petitioner has given back to his

community, including by volunteering in response to flooding in Texas.  He has also

developed close personal ties in the area, further anchoring him to the community.  Dkt.

No. 1, at pgs. 23-25.

On March 31, 2026, Petitioner appeared for an interview in his asylum

proceedings, seeking adjustment-of-status, where he was arrested and transferred into

immigration custody.  He has remained in custody since, initially in Texas, before being

transferred to a detention facility in this District.  Since being detained, Petitioner has

not been given any individualized custody hearing; no neutral decisionmaker has

considered whether he poses a danger to the community, whether he is a flight risk, or

whether any release conditions are warranted.  While detained in Texas, Petitioner

prepared a bond request, but after his transfer to the Golden State Annex he was told it

was no longer valid, and officers have been unable to tell him how to obtain a bond

hearing.  Dkt. No. 14, at pgs. 4-5.

Petitioner now invokes this court's habeas jurisdiction.  And following the appointment of counsel, Petitioner timely submitted a supplemental briefing.  Dkt. No. 11.  He contends, among other things, that his constitutional due process rights have been violated and the appropriate remedy is his immediate release.  Dkt. No. 11, at pg. 2.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *A.J.S.M.P., v. Mullin*, No. 1:26-CV-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Jose C.L.L., Petitioner, v. Chestnut*, et al., No. 1:26-CV-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable" from those prior decisions cited above.  Dkt. No. 12.  The court appreciates Respondents' candid

3

opposition. [2] Dkt. No. 13.  Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above.  *Id.*, at pg. 2.  Respondents confirm that their opposition also serves as their response to the petition, and they do not request a hearing.  *Id*.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Franklin Mauricio G.C. (A# 249-234-249) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention,

---

[2]     Respondents filed their response to the Order to Show Cause one day after the June 8, 2026, deadline the court had set. Dkt. No. 13, at pg. 1.  Respondents explain that counsel failed to properly calendar the response date and "regret" the error.  *Id*.  The court accepts the late filing and has considered it in full.  The one-day delay does not change the outcome here:  as explained, Respondents concede that this case is not substantively distinguishable from the court's prior orders, so the result would be the same whether the court considered their response or treated the matter as unopposed.

and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, Petitioner's TRO application, Dkt. No. 4, is DENIED AS MOOT.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03707-MWJS; *Franklin Maurico G.C. v. Warden, Golden State Annex Detention Facility, et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS